UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SCOTT JOHNSON,<br><br>        Plaintiff,<br><br>   v.<br><br>XINLIANG BAI,<br><br>        Defendant. | CIV. NO. 2:16-1698 WBS GGH<br><br>MEMORANDUM AND ORDER RE: MOTION<br>FOR AN AWARD OF ATTORNEY'S FEES<br>AND COSTS |

----oo0oo----

Plaintiff Scott Johnson is a quadriplegic who brought this action based on barriers he encountered at the Trailhead motel and lodge, which defendant Xinliang Bai owns and operates. Plaintiff alleged violations of the Americans with Disabilities Act ("ADA") and the California Unruh Civil Rights Act. The parties settled the case and defendant agreed plaintiff was entitled to reasonable attorney's fees and costs, as to be determined by the court.

"The ADA authorizes a court to award attorneys' fees, litigation expenses, and costs to a prevailing party." Lovell v.

1

Chandler, 303 F.3d 1039, 1058 (9th Cir. 2002); see 42 U.S.C. § 12205.  The court may also award attorney's fees to the prevailing party in a suit brought under the Unruh Act.  See Cal. Civ. Code §§ 52(a), 55.55.  Defendant does not dispute that plaintiff was the prevailing party, but contends that plaintiff's counsel's attorney's fees are excessive.[1]

The court calculates the reasonable amount of attorney's fees by following a two-step process.  First, the court determines the lodestar calculation--"the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate."  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  Second, the court may adjust the lodestar figure "pursuant to a variety of factors."  Gonzalez v. City of Maywood, 729 F.3d 1196, 1209 (9th Cir. 2013).  There is a strong presumption that the lodestar amount is reasonable.  Fischer v. SJB-P.D. Inc., 214 F.3d 1115, 1119 n.4 (9th Cir. 2000).

In determining the size of an appropriate fee award, the court need not "achieve auditing perfection."  Fox v. Vice, 563 U.S. 826, 838 (2011).  The court may use estimates and "take into account [its] overall sense of a suit" to determine a reasonable attorney's fee.  Id.

I.  Lodestar Computation

---

[1] Defendant also claims that plaintiff's counsel did not timely file for attorney's fees because the parties agreed that a motion for attorney's fees should be filed by June 19, 2017, and the court also stated in an order that June 19 was the filing deadline for any dispositional documents.  (See Docket No. 15.) This deadline is nowhere in the settlement agreement, (see Pl.'s Mot. Ex. 3 ("Settlement Agreement") (Docket No. 20-4)), and the court does not view a motion for attorney's fees as a dispositional document subject to its June 19, 2017 deadline.

A.    Reasonable Number of Hours

"The prevailing party has the burden of submitting billing records to establish that the number of hours it has requested are reasonable." <u>Gonzalez</u>, 729 F.3d at 1202.  The court may reduce the hours "where the documentation is inadequate; if the case was overstaffed and the hours are duplicated; [or] if the hours expended are deemed excessive or otherwise unnecessary." <u>Chalmers v. City of Los Angeles</u>, 796 F.2d 1205, 1210 (9th Cir. 1986).

Plaintiff submitted a billing summary itemizing the time spent by attorneys Mark Potter, Phyl Grace, Dennis Price, and Sara Gunderson on this case.  (Pl.'s Mot. for Att'y's Fees ("Pl.'s Mot.") Ex. 2 ("Billing Summary") (Docket No. 20-3).) Plaintiff requests a total of $10,550 in attorney's fees for 35.6 hours of work.  (<u>Id.</u> at 1.)  The billing summary shows Potter billed 21.7 hours, Grace 3.5 hours, Price 9.8 hours, and Gunderson 0.6 hours.  (<u>Id.</u>)  Defendant objects to numerous entries for Potter, Grace, and Price.

1.    Billings by Potter

Defendant first objects to the 1.3 hours Potter billed on March 2, 2016, to visit the Trailhead motel site, conduct an assessment of the allegations, and email the investigator about the photos and measurements he wanted because Potter later paid an investigator to visit the site and take the measurements.  The court does not find it unreasonable for Potter to visit the site in order to determine where there may be ADA violations in order to guide the investigator's subsequent inspection and measurements.  The court thus finds that billing 1.3 hours for

conducting an assessment of the allegations, visiting the site, and emailing the investigator is reasonable.

Defendant next objects to the 2.2 hours Potter billed for public records research on April 12, 2016, because that is a clerical task that is not billable as attorney's fees.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1543 (9th Cir. 1992) ("It simply is not reasonable for a lawyer to bill, at her regular hourly rate, for tasks that a non-attorney employed by her could perform at a much lower cost."), opinion vacated in part on denial of reh'g, 984 F.2d 345 (9th Cir. 1993).  The court has previously addressed this precise task by plaintiff's counsel in two of its prior decisions, and reduced the hours in each to 1.0 hour.  See Johnson v. Wayside Prop., Inc., Civ. No. 2:13-1610 WBS AC, 2014 WL 6634324, at *4 (E.D. Cal. Nov. 21, 2014) (2.1 hours for public records research reduced to 1.1 hour); Johnson v. Allied Trailer Supply, Civ. No. 2:13-1544 WBS EFB, 2014 WL 1334006, at *2 (E.D. Cal. Apr. 3, 2014) (same).  Plaintiff does not distinguish the record search performed in these two cases from the search performed here and the court thus finds that a 1.1 hours reduction is merited.

Defendant objects to the 0.9 hour billed on July 20, 2016, to review the investigator's report and discuss the report with the investigator on the phone because Potter had already visited the site.  Spending less than one hour reviewing the investigator's report and speaking with the investigator where such information is crucial to the merits of plaintiff's claims is not unreasonable or excessive.

Defendant objects to the 1.0 hour billed to draft the

4

Complaint on July 20, 2016, because it is largely boilerplate and identical to those filed by plaintiff's counsel in similar cases. In a similar case, the court determined that 0.8 hour to draft a boilerplate Complaint by the same plaintiff's counsel was reasonable.  See Allied Trailer, 2014 WL 1334006, at *2.  There is no reason for the court to believe that 1.0 hour for drafting a similar Complaint here was excessive.

Defendant next moves to reduce Potter's December 8, 2016, entry of 0.6 hour that states: "Discussion with client re: case update; dates for settlement conference" because it is a clerical function.  While informing the client of the dates of a settlement conference may be clerical in nature, discussing other case updates are not necessarily clerical.  The court thus will reduce this entry by 0.1 hour to account for the discussion about the dates of the settlement conference.

Defendant next objects to Potter's billing of 0.3 hour on January 23, 2017, for the following tasks: "reviewed email history re: setting dates for conference; drafted notice of settlement conference along with proposed order thereto." (Billing Summary at 2.)  Drafting a notice of settlement is arguably a clerical task; see Wayside Property, 2014 WL 6634324, at *3 (reducing attorney's fees for drafting a notice of a motion for summary judgment because it was clerical); however, the court does not find that 0.3 hour to review email and draft the notice and proposed order is unreasonable.

Defendant also objects to an April 19, 2017, entry of 0.2 hour by Potter to draft a CCDA report because it is a clerical function.  There is insufficient evidence indicating

that this report is clerical in nature or that 0.2 hour is excessive.  The court thus will not reduce this entry.

Defendant next objects to Potter's billing of 2.0 hours on June 26, 2017, to draft plaintiff's Motion for attorney's fees and costs because it is a boilerplate motion.  While this motion is similar to motions for attorney's fees filed in unrelated cases, e.g., Johnson v. Patel, Civ. No. 2:14-2078 WBS AC, the motions are not identical.  The court finds that 2.0 hours to draft the Motion for attorney's fees and costs is not excessive or unreasonable, and a reduction is not merited.

Plaintiff estimated that Potter would bill 7.0 hours to review the opposition brief, draft the reply brief, and attend oral argument.  (Billing Summary at 3.)  In the Reply, plaintiff's counsel indicated that the Reply brief took 2.4 hours to draft.  The court finds that 2.4 hours to read plaintiff's opposition and draft the Reply is reasonable.

A recurring theme in defendant's opposition is that plaintiff's counsel billed more hours than necessary.  The court is aware of defendant's desire to reduce the amount of attorney's fees owed.  In light of defendant's desire to reduce the amount of attorney's fees, the court issues this Order without oral argument.  Defendant thus will not need to pay for Potter's fees incurred for attending oral argument.  Because the Reply brief took 2.4 hours to draft and the court issues this Order without oral argument, the court will reduce this estimated entry of 7.0 hours by 4.6 hours.

2.  Billings by Grace

Defendant first objects to the 1.3 hours billed by

6

Grace on October 25, 2016, to prepare for and conduct the Rule 26 conference and send notes to the discovery team. (Billing Summary at 4.) Defendant argues the time is excessive because the conference took less than five minutes and plaintiff's counsel used their boilerplate Joint Status Report form. (See Vaughn Decl. ¶ 7 (Docket No. 21-1).) The court agrees that the brevity of the conference and the use of a boilerplate Joint Status Report does not justify billing 1.3 hours. The court will reduce this entry by 0.5 hour.

Defendant objects to 0.3 hour billed on May 3, 2017, as duplicative of the April 20, 2017, entry. The April 20 entry was a review and approval of the notice of settlement that the parties later filed with the court. (See Notice of Settlement (Docket No. 14); Billing Statement at 4.) The May 3 entry was a review and finalization of the settlement agreement signed by the parties. (See Billing Statement at 4; Settlement Agreement.) The entries are not duplicative, and the court will not reduce this entry.

3. Billings by Price

Defendant objects to the 2.0 hours billed by Price on April 17, 2017, to prepare for the mediation conference and discuss the mediation with the client and the 7.0 hours billed by Price on April 18, 2017, to travel to and appear at the mediation conference. The court does not find that the April 17 entry of 2.0 hours to prepare for the mediation conference and discuss such with plaintiff is clearly excessive. Defendant argues 9.0 hours to prepare and attend a mediation that lasted approximately 1.5 hours is excessive. Plaintiff argues the mediation lasted

7

3.0 hours, but plaintiff provides no documentation that the mediation lasted 3.0 hours or that the remaining 4.0 hours on April 18 was a necessary and reasonable travel time.  The court will thus reduce Price's April 18, 2017, entry by 3.0 hours.  <u>See</u> <u>Chalmers</u>, 796 F.2d at 1210 (9th Cir. 1986) (holding a court may reduce hours "where the documentation is inadequate").

Having made the above reductions, the court finds that Potter reasonably expended 15.9 hours, Grace reasonably expended 3.0 hours, Price reasonably expended 6.8 hours, and Gunderson reasonably expended 0.6 hour.

B.    <u>Reasonable Hourly Rate</u>

The reasonable hourly rate is determined according to "the prevailing market rates in the relevant community," <u>Blum v.</u> <u>Stenson</u>, 465 U.S. 866, 895 (1984), "for similar work performed by attorneys of comparable skill, experience, and reputation," <u>Chalmers</u>, 796 F.2d at 1210-11.  The relevant legal community "is the forum in which the district court sits," <u>Prison Legal News v.</u> <u>Schwarzenegger</u>, 608 F.3d 446, 454 (9th Cir. 2010), which here is the Sacramento Division of the Eastern District of California.

The prevailing party has the burden of producing sufficient evidence that its "requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Blum</u>, 465 U.S. at 895 n.11.  "The hourly rate for successful civil rights attorneys is to be calculated by considering certain factors, including the novelty and difficulty of the issues, the skill required to try the case, whether or not the fee is contingent, the experience held by counsel and fee awards in

similar cases." <u>Moreno v. City of Sacramento</u>, 534 F.3d 1106, 1114 (9th Cir. 2008). "While disability access cases are a subset of civil rights practice, the reasonable hourly rate merited in routine disability access cases typically falls below the hourly rate charged in more complicated civil rights cases." <u>Johnson v. Patel</u>, Civ. No. 2:14-2078 WBS AC, 2016 WL 727111, at *3 (E.D. Cal. Feb. 23, 2016).

Here, plaintiff's counsel seeks an hourly rate of $350 for Potter, $250 for Grace, and $200 each for junior associates Price and Gunderson. (<u>See</u> Billing Statement.) All of the attorneys practice at the Center for Disability Access ("CDA"). Potter is the founder and managing partner of CDA with almost twenty years of experience in disability cases, Grace has nearly twenty years of experience and eleven in disability access litigation, and Price and Gunderson are junior associates. (Potter Decl. ¶¶ 8-10 (Docket No. 20-2).) Plaintiff's counsel concedes that this case involves a straight-forward application of the law and did not present novel or difficult issues requiring a high level of skill or specialization. (Pl.'s Mem. at 12.)

The court has examined the experience of Potter, Grace, and Price in previous disability access cases brought by plaintiff and found that hourly rates of $300 for Potter, $250 for Grace, and $150 for Price and other junior attorneys were reasonable. <u>See</u>, <u>e.g.</u>, <u>Johnson v. Gross</u>, Civ. No. 2:14-2242 WBS KJN, 2016 WL 3448247, at *2-3 (E.D. Cal. June 23, 2016); <u>see also</u> <u>Johnson v. Kamboj LLC</u>, Civ. No. 2:14-00561 MCE AC, 2016 WL 1043719, at *3 (E.D. Cal. Mar. 16, 2016) (granting Grace an

hourly rate of $250 in a similar ADA case).  Plaintiff's counsel

does not cite any new cases finding that the reasonably hourly

rate in Sacramento in a routine disability access case exceeds

these rates.[2]  For the reasons expressed in the court's prior

orders, the court finds that the reasonable rates are $300 for

Potter, $250 for Grace, and $150 for Price and Gunderson.

Accordingly, the lodestar in this case is $6,630,

calculated as follows:

| | | | | |
|---|---|---|---|---|
| Potter: | 15.9 | x | $300 | = | $4,770 |
| Grace: | 3.0 | x | $250 | = | $  750 |
| Price: | 6.8 | x | $150 | = | $1,020 |
| Gunderson: | 0.6 | x | $150 | = | $   90 |
| | | | | | $6,630 |

Because neither party seeks a multiplier or reduction

to the lodestar and there is a "strong presumption that the

lodestar amount is reasonable," Fischer, 214 F.3d at 119 n.4, the

court finds that no further adjustment to the lodestar is

warranted.

II.  Costs

Under the ADA, a court may award litigation expenses

and costs.  Lovell, 303 F.3d at 1058; 42 U.S.C. § 12205.

Plaintiff seeks $675 in costs.  This includes investigation costs

of $200, a $400 filing fee, and service costs of $75.  (Pl.'s

---

[2]     Plaintiff's counsel includes the declaration of John
O'Connor, an attorney's fees expert, from their Motion for
attorney's fees in Wayside Property to support its requested
attorney's fees here.  The court rejected the O'Connor
declaration's methodology in Wayside Property because the
relevant legal market is Sacramento, not Northern California, and
it does not discuss the rates in routine disability access cases.
See Wayside Prop., 2014 WL 6634324, at *7-8.

Mot. at 13; Billing Summary at 1.)  Defendant does not object to these costs and the court will therefore award them to plaintiff.

        IT IS THEREFORE ORDERED that plaintiff's Motion for attorney's fees and costs (Docket No. 20) be, and the same hereby is, GRANTED.  Defendant is directed to pay plaintiff $6,630 in attorney's fees and $675 in costs.

Dated:  August 4, 2017

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE